**PROFESSIONAL AIR TRAFFIC CONTROLLERS ORGANIZATION (PATCO), et al., Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF TRANSPORTATION, et al., Defendants.**

**Civ. No. 4–81–637.**

United States District Court, D. Minnesota, Fourth Division.

Jan. 15, 1982.

---

**44.** *Id.*

**45.** 21 *Del.C.* § 2118(f)(4).

Bruce A. Finzen, Patricia J. Hartmann, Robins, Zelle, Larson & Kaplan, St. Paul, Minn., for plaintiffs.

James M. Rosenbaum, U. S. Atty., Minneapolis, Minn., and J. Paul McGrath, Asst. Atty. Gen., Dennis G. Linder, Paul Blankenstein, and Theodore C. Hirt, Attys. Civ. Div., U. S. Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

MacLAUGHLIN District Judge.

This action arises out of the ill-fated nationwide strike by air traffic controllers. After reaching an impasse on contract negotiations, the Professional Air Traffic Controllers Organization (PATCO) called on its members to strike against the Federal Aviation Administration (FAA) at 7:00 a. m. E.D.T. on Monday, August 3, 1981. The United States Government sought and obtained temporary restraining orders in various federal courts prohibiting the strike and strike related activities. Nevertheless, PATCO and its members proceeded with the strike.

At approximately 11:00 a. m. E.D.T. on August 3, 1981, President Reagan stated:

> [T]hose [controllers] who fail to report for duty this morning ... are in violation of the law, and if they do not report for work within 48 hours, they have forfeited their jobs and will be terminated.

17 Weekly Comp. of Pres. Doc. 845 (August 3, 1981). Approximately 1,236 controllers throughout the nation were deemed by the government to have complied with President Reagan's call to return to work and were permitted to retain their jobs. However, approximately 11,500 controllers, including the five individual plaintiffs in this action, failed to comply with President Reagan's call to return to work, and the FAA initiated discharge proceedings against these controllers. Because of its role in the strike, PATCO was subsequently decertified as a bargaining representative for the air traffic controllers.

The plaintiffs filed this action on October 1, 1981. The plaintiffs are PATCO, two local branches of PATCO, and five individuals who are members of PATCO and were discharged by the FAA. They contend that the government has selectively enforced the law in an arbitrary and capricious manner. The two laws being enforced by the government are 5 U.S.C. § 7311 and 5 U.S.C. § 3333. Section 7311 provides:

> An individual may not accept or hold a position in the Government of the United States or the government of the District of Columbia if he—
>
> . . . .
>
> (3) participates in a strike, or asserts the right to strike, against the Government of the United States or the government of the District of Columbia; or
>
> (4) is a member of an organization of employees of the Government of the United States or of individuals employed by the government of the District of Columbia that he knows asserts the right to strike against the Government of the United States or the government of the District of Columbia.

Section 3333(a) provides:

> (a) Except as provided by subsection (b) of this section, an individual who ac-

616

cepts office or employment in the Government of the United States or in the government of the District of Columbia shall execute an affidavit within 60 days after accepting the office or employment that his acceptance and holding of the office or employment does not or will not violate section 7311 of this title. The affidavit is prima facie evidence that the acceptance and holding of office or employment by the affiant does not or will not violate section 7311 of this title. The statute which provides criminal penalties for violations of 7311, 18 U.S.C. § 1918, has apparently not been enforced by the government. The plaintiffs contend that they are similarly situated to those controllers who were permitted to retain their jobs in that they all participated in a strike against the government, yet were treated differently. The complaint argues that the "failure of Defendants to uniformly terminate all individuals situated similarly to Plaintiffs . . . is arbitrary, capricious, unreasonable, invalid and in violation of 5 U.S.C. § 7311 and 5 U.S.C. § 3333." Complaint, ¶ XIX. The plaintiffs seek a declaration that the government's selective enforcement of section 7311 is arbitrary, capricious, unreasonable and invalid. They also seek injunctive relief requiring the government to terminate all individuals who participated in the strike, or such further relief as the Court deems appropriate.

The matter is now before the Court on the defendants' motion to dismiss. The defendants assert that the plaintiffs lack standing to raise their claim, that section 7311 does not provide a private right of action, and that the plaintiffs are prohibited from invoking the equitable powers of the Court because they have unclean hands.

The Supreme Court has established that a distinct injury in fact, or threat of such injury, plus a causal link between the injury and the challenged conduct are essential prerequisites of standing to sue in a federal court. *E.g. Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 72, 98 S.Ct. 2620, 2629, 57 L.Ed.2d 595 (1978); *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 41–42, 96 S.Ct. 1917, 1925–1926, 48 L.Ed.2d 450 (1976); *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975); *Linda R.S. v. Richard D.*, 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973). The plaintiffs have not shown how the continued employment of the 1,236 air traffic controllers has caused them any distinct injury. If the plaintiffs' loss of employment through their direct violation of the no-strike law can be deemed to be an injury, then it is impossible to determine how the remedy they seek, i.e., the discharge of the 1,236 retained controllers, will in any way alleviate that injury. Even if the Court were to order that the other controllers be fired, there appears to be no substantial likelihood either that Congress would modify the no-strike statute or that President Reagan would grant amnesty to all striking controllers. The possibilities of either of these results occurring are too speculative and conjectural to make this a justiciable controversy. *See Greater Tampa Chamber of Commerce v. Goldschmidt*, 627 F.2d 258, 263–65 (D.C.Cir.1980). Therefore, the Court concludes that the defendants' argument on standing is meritorious, and the complaint must be dismissed.

Defendants also argue that the equitable doctrine of unclean hands applies to plaintiffs, and that through their violation of the law the plaintiffs have rendered themselves ineligible to invoke the equitable powers of the Court for the purposes requested by plaintiffs. Since the Court has concluded that the complaint must be dismissed for lack of standing this issue need not be determined. However, the claim of unclean hands clearly is not without merit.

Finally, the plaintiffs may have the opportunity to pursue their claims in an administrative forum, since they have a right to appeal their terminations to the Merit System Protection Board.

Accordingly, IT IS ORDERED that the plaintiffs' complaint be, and hereby is, dismissed.

LET JUDGMENT BE ENTERED ACCORDINGLY.